1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 05-0425-PHX-MHM |
| ) | No. CV 06-0780-PHX-MHM(JM) |
| Plaintiff-Respondent, ) | |
| ) | **REPORT AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| Darwin Espinal-Orellano, ) | |
| ) | |
| ) | |
| Defendant-Movant. ) | |

Pending before the Court is Movant's *pro se* Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. *Docket No. 28*. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Motion.

## I.   CLAIMS

Movant Darwin Espinal-Orellano is currently confined at Cibola County Correctional Center in Milan, New Mexico. On July 24, 2006, he filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging that his counsel was ineffective for failing to file a notice of appeal, a cultural assimilation motion, and a motion to dismiss the indictment.

## II.   BACKGROUND

On May 5, 2005, Movant was charged by information with two counts of Reentry After Deportation in violation of 8 U.S.C. § 1326(a), which were enhanced by section 1326(b)(2). *Docket No. 7*. On May 5, 2005, pursuant to a written plea agreement, Movant

1

1  pled guilty before Magistrate Judge Irwin to one count of illegal re-entry after deportation,

2  a violation of 8 U.S.C. § 1326(a), enhanced by section 1326(b)(2), as charged in Count Two

3  of the Information. *Docket No. 9* (Findings and Recommendation of the Magistrate Judge

4  Upon a Plea of Guilty and Order); *Docket No. 24* (Plea Agreement).

5     Sentencing was scheduled for September 26, 2005, before District Judge Murguia.

6  *Docket No. 11.* Prior to his scheduled sentencing, on September 16, 2005, Movant filed a

7  Motion to Withdraw Plea of Guilty. *Docket No. 14.* On September 24, 2005, Judge Murguia

8  ordered that an attorney from the Office of the Federal Public Defender meet and confer with

9  the Movant. Judge Murguia told the Movant that if he still wished to withdraw his plea after

10  the meeting, the Court would allow him to do so. Sentencing was continued to November

11  28, 2005. *Docket No. 14.* By Minute Entry Order dated November 28, 2005, Movant sought

12  to continue the sentencing to allow the presence of an interpreter and his counsel indicated

13  that the Movant would be withdrawing his motion to withdraw from the plea agreement.

14  *Docket No. 20.* On December 12, 2005, Movant withdrew his motion to withdraw and pled

15  guilty. *Docket No. 22.* Het was sentenced to the Bureau of Prisons for a term of thirty-seven

16  months, to be followed by three years of supervised release. *Docket No. 23* (Judgment in a

17  Criminal Case). Movant did not appeal.

18  **III.   LEGAL DISCUSSION**

19     **A.   Waiver**

20     The Government asserts that Movant waived his right to challenge his conviction and

21  sentence in his plea agreement, in which he expressly waived "any right to collaterally attack

22  defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any

23  other collateral attack." *Docket No. 24* (Plea Agreement). The instant motion is, of course,

24  just such an attack. The validity of the waiver must therefore be examined in relation to each

25  of the three grounds for relief alleged in the Motion.

26     Plea agreements are contractual in nature, and their plain language will generally be

27  enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*,

28

2

398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).  The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary.  *See Jeronimo* 398 F.3d at 1156 n. 4; *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain).  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable."  *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

The following discussion addresses each of Movant's claims under these standards and, where the claim is found to not have been waived, proceeds with an evaluation of the claim on the merits.

### B.   Ground One

Ground One of the Motion alleges ineffective assistance of counsel:

> Shortly after the sentencing date I requested my attorney to file a notice of appeal because I wanted to continue with my case. I thought at the time that there were too many errors, specifically the 16 level enhancement based on a prior conviction.

*Motion*, p. 4.  This claim falls into the category of claims that cannot be waived in a plea agreement.

The well-established two-prong test for ineffective assistance of counsel claims requires the evaluation of deficient performance and the resulting prejudice. *See Strickland*

1  *v. Washington*, 466 U.S. 668 (1984). However, an attorney's failure to file a notice of appeal

2  despite a defendant's specific instruction to do so constitutes both deficient performance and

3  prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United*

4  *States*, 395 U.S. 327 (1969)). This is the case even if the defendant's plea agreement

5  contained a waiver of his appeal rights or if the appeal is not likely to succeed. *United States*

6  *v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) (citing *United States v. Peguero*, 526

7  U.S. 23, 28 (1969)). When defense counsel has failed to file a notice of appeal despite a

8  defendant's specific instructions to do so, the Court must vacate and reenter judgment to

9  enable the defendant to file a timely notice of appeal. 409 F.3d at 1198.

10         The record in this case contains the bare allegation of Movant that he asked his

11  counsel to file a notice of appeal and his counsel's statement that no such request was made

12  and that, if it had been, an appeal would be filed on his behalf. Having to determine which

13  version of events is more likely, the Court finds little reason to find credence in Movant's

14  position and substantial reason to find credence in counsel's position. Movant has neither

15  alleged nor offered any evidence corroborating his assertion that he requested that counsel

16  file an appeal in this case. He has not described the circumstances of his alleged request or

17  the date on which the request was made. Moreover, there is no reason obvious to the Court

18  to believe that Movant's counsel, despite a request to do so, would refuse to file the notice

19  of appeal. As counsel stated in his affidavit, "Had the defendant indicated a desire to appeal

20  from the Judgment and Sentence in this case, an appeal would have been filed on his behalf."

21  *Affidavit of Bruce Yancey*, p. 1. Without a crystal ball, the Court is unable to find any reason

22  to find it more likely than not that he requested counsel appeal his case. Accordingly, the

23  Court finds that an evidentiary hearing is not warranted, *see* Rules Governing Section 2255

24  Proceedings for the United States District Courts, Rule 8(a), and recommends that this claim

25  be denied.

26         **C.    Ground Two**

27         Ground Two of Movant's § 2255 Motion falls into the category of claims that are

28

4

waivable.  In Ground Two, Movant alleges that his counsel did not file a motion based on his cultural assimilation. Per *United States v. Lipman,* 133 F.3d 726, 730-31 (9th Cir. 1998), the court may downwardly depart under 8 U.S.C. § 1326 based upon the defendant's cultural assimilation, if it finds that the defendant's circumstances removes his case from the "heartland" of cases governed by § 2L1.2 of the United States Sentencing Guidelines. However, as this claim does not touch on the voluntariness of his plea, but is an attack on his sentence, it is waived if the waiver was knowing and voluntary.  *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991); *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiver of the right to appeal a sentence waives "the right to argue ineffective assistance of counsel at sentencing.")

Whether a waiver was made knowingly and voluntarily is determined by looking into the circumstances surrounding the signing and entry of the plea agreement.  The court's role in accepting a plea of guilty is to address the defendant and determine that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. *See* Fed.R.Crim.P. 11(b)(2); *United States v. Kamer*, 781 F.2d 1380, 1385 (9th Cir. 1986). Rule 11 is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.  *See Kamer,* 781 F.2d at 1385.  As a threshold matter, Movant unequivocally told Magistrate Judge Irwin at his change of plea hearing he (1) had not been threatened, (2) was promised nothing, and (3) was satisfied with appointed counsel's services. *See Docket No. 31* (Transcript of Change of Plea Hearing), pp. 13-15 (no promises), p. 24 (no threats) & p. 9 (satisfied with counsel).  These "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir. 1987) (internal quotation marks and citation omitted).   In such circumstances, the court may credit a defendant's testimony at a Rule 11 hearing over his subsequent declarations. *See United States v. Castello,*724 F.2d 813, 815 (9th Cir. 1984).

Movant also expressly waived issues regarding the imposition of sentence, the right to bring a § 2255 motion, and the right to appeal. *Docket No. 24*, p. 5 (Plea Agreement);

*Docket No. 31*, p. 23. At his change of plea hearing, the Court confirmed that he had fully and completely discussed his case with his lawyer and understood the plea agreement. *Docket No. 31*, pp. 6-8. The Court discussed with Movant his earlier indecisiveness about accepting the plea and confirmed that all his questions had been answered and that he wished to go forward with the change of plea. *Id.,* pp. 8-9. Movant confirmed that his lawyer had done everything that he had wanted him to do. *Id.*, p. 9. Based on these considerations, the Court finds that Movant knowingly and voluntarily waived the sentencing issues raised in his § 2255 Motion.

### D.   Ground Three

Movant's final claim is that the "Government failed to allege the proper information in the Indictment . . .," and contends that "at the initial hearing I requested the attorney to file for a dismissal of the Indictment because the Government had failed to provide the proper information necessary as a result of a prior conviction." *Motion*, p. 5. From this allegation, it is difficult to determine if Movant is alleging that his counsel's alleged failure to file a motion to dismiss rendered his guilty plea involuntary. Assuming he is, and that the claim therefore is not waived,[1] the claim is nevertheless patently meritless.

It is well-established that conclusory allegations of ineffective assistance of counsel which are not supported by a statement of specific facts do not warrant habeas relief. *See, e.g., James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Here, Movant asserts a defect in the Indictment. As indicated above, however, Movant was prosecuted by information and waived any defect. Moreover, Movant does not explain what "proper information" was missing from the charging document. The claim simply cannot be evaluated without this information.

---

[1]As noted by the Government, in addition to the general waivers previously discussed, Movant also specifically waived his right to have his case presented to the Grand Jury and agreed to proceed by way of information. *Docket No. 31*, pp. 10-11. Movant indicated that no threats or promises had been made to induce him to give up this right and he stated that he wished to sign a written waiver indicating as much. *Id.*, pp. 11-12.

Movant additionally has not established prejudice from the alleged omission of "proper information." When alleging ineffective assistance of counsel in relation to entering into a plea agreement, a defendant must show "that but for counsel's error, he would either have gone to trial or received a better plea bargain." *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004). Movant has made no such allegations and, given the benefits he received in entering the plea, and the nature of section 1326 prosecutions, any such assertions would be highly dubious.

## IV.   RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Movant's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Docket No. 28].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-0780-PHX-MHM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 23rd day of May, 2007.

Jacqueline Marshall
United States Magistrate Judge

7